UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
Innovative Sports Management, Inc. d/b/a Integrated Sports Media,

                              Plaintiff,

   -against-

JESSENIA BURGOS, Individually, and as officer, director, shareholder and/or principal of BARU CORP d/b/a RIKO PERUVIAN,

and

BARU CORP d/b/a RIKO PERUVIAN,

                              Defendants.
------------------------------------------------------------------

**ATTORNEY AFFIDAVIT TO SUPPLEMENT AFFIRMATION IN SUPPORT OF FEES AND COSTS FOR PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Civil Action No.
1:23-CV-00332-AMD-SJB

STATE OF NEW YORK    :
                                  : SS.:
COUNTY OF ULSTER     :

ALEXANDER LONSTEIN, ESQ., being duly sworn, deposes and says:

    1.    That I am the attorney for Plaintiff, Innovative Sports Management, Inc., in the above-referenced matter and I am admitted to practice in this Court. I am fully familiar with all the facts, circumstances, and proceedings heretofore had herein.

1

2.  I make this affidavit in support of Plaintiff's motion for default judgment and damages, costs, and attorney's fees.

3. Plaintiff, Innovative Sports Management, Inc., (hereinafter referred to as "Plaintiff"), brought this action on January 18, 2023 alleging that Defendants, JESSENIA BURGOS, Individually, and as officer, director, shareholder and/or principal of BARU CORP d/b/a RIKO PERUVIAN on February 11, 2023 and on BARU CORP d/b/a RIKO PERUVIAN (hereinafter "Defendants"), hereto knowingly and willfully violated the Communications Act of 1934, as amended, 47 U.S.C. § 553 or § 605.

4.  As the Affidavit of Plaintiff's President for Innovative Sports Management, Inc., Doug Jacobs, reveals, Plaintiff owns the commercial distribution rights to the March 29, 2022 South American World Cup Qualifiers ("SAWCQ"), specifically the Peru vs. Paraguay PPV Event, which was broadcast either by closed circuit television, encrypted satellite signal or internet platforms. For a fee, commercial establishments could legitimately receive an unscrambled signal, enabling them to view and exhibit the program by contracting with the Plaintiff.

5.  The Defendants unlawfully intercepted and exhibited the March 29, 2022 SAWCQ: Peru vs. Paraguay PPV Event, (hereinafter referred to as the "Broadcast"), within their commercial establishment RIKO PERUVIAN located at 45-06 Greenpoint Ave, Queens, NY 11104, at the time of its transmission on March 29, 2022, without obtaining authorization from Plaintiff, willfully, and for purposes of direct or indirect commercial advantage or private financial gain.

2

6. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. This action is brought pursuant to 47 U.S.C. §§ 553 or 605.

7. Plaintiff has been unable to conduct discovery in this matter as the Defendants have failed to appear. The Complaint clearly alleges that the Defendants pirated the subject Broadcast in violation of 47 U.S.C. § 605. Further, based upon Defendants' default, the facts alleged in the complaint are deemed admitted. Therefore, Plaintiff seeks damages under 47 U.S.C. § 605 as Defendants, through their default, have admitted that, without authorization from Plaintiff, they illegally intercepted the scrambled transmissions of the Broadcast and knowingly and willfully offered it to patrons of their commercial establishment for private financial gain or commercial advantage.

8. This Court has personal jurisdiction over the Defendants in this action. The Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of New York and certain activities of Defendants giving rise to this action took place in the State of New York; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals of the March 29, 2022 SAWCQ: Peru vs. Paraguay PPV Broadcast, took place within the Eastern District of New York. Moreover, upon information and belief, Defendant resides within, is located within and/or has his principal place of business within the State of New York.

9. Service of the Summons and Complaint was perfected on Defendant BARU CORP. d/b/a RIKO PERUVIAN, by delivering and leaving a Copy of the Summons and Complaint with Nancy Dougherty, authorized agent for the corporation in the Office of the Secretary of State, on January 31, 2023, and on Defendant, JESSENIA BURGOS, via sub-service, on February 11, 2023, after attempting to effectuate personal service on the Defendant on three other occasions. The proofs of service were filed with the Court on March 6, 2023, via ECF numbers 6 and 7, respectively. Thus, the Court has personal jurisdiction over the Defendants.

10. Defendants have failed to appear or file any responsive pleading and the time to do so has expired.

11. Defendants are not infants or incompetents. Upon information and belief, Defendants are not presently in the military service of the United States.

12. On April 5, 2023, the Clerk of the Court entered default against the Defendants via ECF document No. 9, stating that the Defendants were properly served and have failed to answer or otherwise defend.

13. It is respectfully submitted that an inquest hearing to determine the amount of damages is unnecessary in this matter as an inquest by affidavit, without an in-person hearing, would be appropriate under these circumstances. Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that, in order to determine the amount of damages in the context of a default judgment, "the court may conduct . . . a hearing." The United States Court of Appeals for the Second Circuit has held that, "under Rule 55(b)(2), 'it is not necessary for the District Court to

4

hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)(quoting Fustok v. Conti Commodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). The Second Circuit has approved the holding of an inquest by affidavit, without an in-person hearing, "as long as the court has ensured that there was a basis for the damages specified in the default judgment." Id. Plaintiff has requested reasonable damages well within the range provided under the applicable statutes as well as provided case law in support of damages in its memorandum of law in support of its motion for default judgment. In addition, Plaintiff has provided an affidavit of the Plaintiff and the auditor in support of its request for a default judgment. Plaintiff respectfully requests that any inquest to determine the amount of damages be by affidavit and on submission.

14. Plaintiff's litigation expenses as associated with the formation, pleading and filing of the above captioned matter are as outlined below and total FOUR THOUSAND TWO HUNDRED TWENTY THREE and 50/100 ($4,223.50) DOLLARS:

    a. Filing Fees - $ 402.00

    b. Service of Process - $ 502.00
       Attached hereto as Exhibit "A," please find invoices from the process servers reflecting the cost of service upon the Defendants.

    c. Auditing fee - $ 750.00
       Attached hereto as Exhibit "B," please find an invoice from Signal Auditing, Inc. reflecting the auditing fee.

  d. Attorney Fees-  $2,569.50

    (see below)

---- Alexander Z. Lonstein (Associate Attorney)

  Fourth year as a practicing attorney;

  Paralegal & Legal Assistant  Over 15 years of experience

15. Attorney fees at $250.00 per hour for attorney time spent, and $95.00 for paralegal time spent are as follows:

| DATE | ACTION | HOURS | FEE | |
|---|---|---|---|---|
| 6/13/22 | Factual Research and Development | 2.00 | $500.00 | Assoc. Atty |
| 6/13/22 | Drafted and mailed claim letters to<br><br>Riko Peruvian<br>45-06 Greenpoint Ave<br>Queens, NY 11104<br><br>&<br><br>Jessenia E. Burgos<br>13951 Pershing Cres<br>Jamaica, NY 11435 | 0.50 | $125.00 | Assoc. Atty |
| 7/11/22 | Conducted further research; email to Opposing counsel: Argilio Rodriguez argilio@lawrodriguez.com who advised that he would be representing the defendants in this action | 0.30 | $75.00 | Assoc. Atty |
| 7/12/22 | Telephone call to opposing counsel in attempt to coordinate phone conference; no answer | 0.10 | $25.00 | Assoc. Atty |
| 7/13/22 | Email to Opposing Counsel Argilio Rodriguez argilio@lawrodriguez.com with | 0.10 | $25.00 | Assoc. Atty |

| Date | Description | Hours | Amount | Role |
|---|---|---|---|---|
| | request for phone call in hopes of resolution | | | |
| 7/14/22 | Email from Opposing Counsel Argilio Rodriguez argilio@lawrodriguez.com informing firm that counsel has not yet been formally retained to discuss settlement | 0.10 | $25.00 | Assoc. Atty |
| 7/14/22 | Email to Defendants Riko Peruvian and Jessenia Burgos info@rikoperuviancuisine.com to convey settlement offer and attempted Phone Call to Defendants.to discuss; no answer | 0.50 | $125.00 | Assoc. Atty |
| 7/27/22 | Prepared Caption List. | 0.20 | $19.00 | Para –L Assist |
| 7/27/22 | Prepared and Sent Draft Complaint to Defendants<br><br>Riko Peruvian<br>45-06 Greenpoint Ave<br>Queens, NY 11104<br><br>&<br><br>Jessenia E. Burgos<br>13951 Pershing Cres<br>Jamaica, NY 11435 | 1.00 | $250.00 | Assoc. Atty |
| 8/15/22 | Email from Opposing Counsel Argilio Rodriguez argilio@lawrodriguez.com conveying he has been retained to discuss settlement | 0.10 | $25.00 | Assoc. Atty |
| 11/08/22 | Emails to and From Opposing Counsel Argilio Rodriguez argilio@lawrodriguez.com conveying settlement and counter offers; nothing accepted by either party | 0.50 | $125.00 | Assoc. Atty |
| 01/18/22 | Updated complaint and prepared initiating documents. | 1.00 | $250.00 | Assoc. Atty |

| Date | Description | Hours | Amount | Role |
|---|---|---|---|---|
| 01/18/23 | Reviewed complaint and initiating documents. | 0.20 | $50.00 | Assoc. Atty |
| 01/18/23 | Dated and converted documents to PDF; filed complaint and initiating documents by ECF. | 0.40 | $38.00 | Para. - L. Assist. |
| 01/18/23 | Pulled documents from Pacer/saved and linked to matter; created calendar events. | 1.00 | $95.00 | Para. - L. Assist. |
| 01/18/23 | Email Requesting waiver of service to Argilio Rodriguez argilio@lawrodriguez.com pursuant to Rule 4 | 0.20 | $50.00 | Assoc. Atty |
| 01/20/23 | Received ECF; pulled document from Pacer; | 0.20 | $19.00 | Para. - L. Assist. |
| 01/26/23 | Email to Service Company Requesting Service | 0.20 | $19.00 | Para. - L. Assist. |
| 03/06/22 | Filed Affidavits of Service | 0.20 | $19.00 | Para. - L. Assist. |

| Date | Description | Hours | Amount | Role |
|---|---|---|---|---|
| 03/27/23 | Reviewed Request for Clerk's Entry and supporting documents. | 0.10 | $25.00 | Assoc. Atty |
| 03/28/23 | Filed Request for Clerk's Entry and supporting documents; created calendar event; made copies documents; mailed letter and copies to Judge and defendants.<br><br>Riko Peruvian<br>45-06 Greenpoint Ave<br>Queens, NY 11104<br><br>&<br><br>Jessenia E. Burgos<br>13951 Pershing Cres<br>Jamaica, NY 11435 | 0.30 | $28.50 | Para. - L. Assist. |
| 04/05/23 | Received Clerk's Entry; created calendar event. | 0.10 | $9.50 | Para. - L. Assist. |
| 04/05/23 | Prepared Plaintiff's Affidavit | 0.50 | $47.50 | Para. - L. Assist. |
| 04/10/23 | Reviewed Plaintiff's Affidavit, Prepared Notice of Motion, Motion for DJ, MOL in Support and Aff. Of Costs, Proposed Judgment | 2.00 | $500.00 | Assoc. Atty |

9

| Date | Description | Hours | Fee | Role |
|---|---|---|---|---|
| 05/08/23 | Review and Edit of Notice of Motion, Motion for DJ, Proposed Judgment, MOL and Aff. Of Costs | 1.00 | $250.00 | Assoc. Atty |

|  | Hours | Fee |
|---|---|---|
| Assoc. Atty | 9.10 | $2,275.00 |
| Para. - L. Assist. | 3.10 | $294.50 |
| TOTAL | 12.20 | $2,569.50 |

16. The above summary of hours expended was produced based upon a compilation of contemporaneous time records kept in the regular course of business.

17. It is respectfully submitted that the rates herein requested are appropriate for the services rendered herein and the prevailing rates within this Circuit.

18. The determination of reasonable attorney fees begins with calculation of the "lodestar" amount. See Joe Hand Prom., Inc. v. Kings Point Restaurant, Inc., 2017 WL 6611705 (E.D.N.Y. 2017); Joe Hand Prom., Inc. v. Martinez, 2008 WL 4619855 (S.D.N.Y. 2008). The presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably

expended litigating the case. Id. In the absence of unusual circumstances and particularly difficult or novel legal questions, the court should set the reasonable hourly rate at the prevailing rate for similar legal services provided by lawyers of "reasonably comparable skill, experience and reputation[,]" in the relevant community. Id. "When more than one attorney and/or other staff members such as paralegals renders legal services for the same case, the court can use a single blended hourly rate or separate rates for the contributions of each of the legal practitioners their staff members." Id. at 7. In Joe Hand Prom., Inc., the court held that $200 an hour for legal services was a reasonable rate in 2008. Id.

19. The Second Circuit has adopted the following factors to guide the court's inquiry as to what constitutes a reasonable hourly rate: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the level of skill required to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the attorney's customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time limitations imposed by the client or the circumstances; 8) the amount involved in the case and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Joe Hand Prom., Inc. v. Kings Point Restaurant, Inc., 2017 WL 6611705 (E.D.N.Y. 2017) citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182 (2d Cir. 2008).

20. The Eastern District of New York has held that an hourly rate of $225.00 was reasonable and actually below market rates for this district. Premium Sports, Inc. v. Mendes, 2018 WL 2078488 (E.D.N.Y. 2018); see also Joe Hand Prom., Inc. v. Blais, 2013 WL 5447391 (E.D.N.Y. 2013)(holding that $200.00 per hour was reasonable where the attorney failed to give support on his experience and background); Garden City Boxing Club, Inc. v. 135 Hunt Station Billard, Inc., 2012 WL 4328355 (E.D.N.Y. 2012)(holding $250.00 an hour for an attorney was reasonable).

21. To determine a reasonable fee award, the Third Circuit also follows the "lodestar" approach. See J&J Sports Productions v. Thomas, 2011 U.S. Dist. LEXIS 82209 (E.D. PA, July 26, 2011) citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 40 (1983). There, the Court found $450 per hour to be reasonable for an attorney practicing under the circumstances therein. Id.

In 2006, Magistrate Judge Douglas F. Eaton held that $250 per hour was reasonable for services performed by counsel in a case of this nature. Kingvision Pay Per View Corp. v. Las Copas Bar Restaurant Pizzeria, Inc., et al, 2006 U.S. Dist. LEXIS 65687 (SDNY August, 2006). Over ten years ago, Magistrate Judge Gabriel W. Gorenstein held that the following rates were reasonable for services performed by counsel in a case of this nature, $240, $165, and $145 hour, based upon the differing levels of experience. See Cablevision Sys. N.Y. City Corp. v. Flores, 2001 U.S. Dist. LEXIS 9351 (SDNY, July 6, 2001).

Judge Susan D. Wigenton found that $350 per hour was a reasonable fee for a partner, $250 per hour for an associate and $95 per hour for a paralegal in connection with similar work

performed in a case of this nature. See J&J Sports Productions, Inc. v. Tavera, et al., case 2:13-cv-06344-SDW-JBC, document 11, (D.NJ, March 18, 2014); Premium Sports, Inc. v. Amaral, et al., case 2:14-cv-05386-SDW-SCM, document 11, (D.N.J., December 17, 2014).

Within the Eighth Circuit, Judge Mark W. Bennett held that $350 per hour is a reasonable fee in connection with similar work performed in a case of this nature. See Fraserside IP, L.L.C. v. Mark Faragalla, et al., 2012 U.S. Dist. LEXIS 17528 (N.D. Iowa, February 13, 2012).

22. On October 23, 2017, Hon. T.S. Ellis, III awarded the plaintiff in that matter full attorneys' fees and costs in the amount of $4,464.50, consisting of hourly rates of $250.00 for associate attorney and $95.00 for paralegal in connection with similar work performed in a case of this nature. See Zuffa, LLC, d/b/a Ultimate Fighting Championship v. Khurram Malik, et al, case no. 1:17-CV-00564-TSE-TCB, documents 25 and 26, (E.D. VA., October 23, 2017).

22. Approximately ten years ago, Judge Rebecca Beach Smith found that $200.00 per hour was a reasonable fee for an associate attorney in connection with similar work performed in a case of this nature. See J&J Sports Productions, Inc. v. Millennium Café and Sports Bar, Inc., case no. 2:10-CV-00603-RBS-TEM, document 35, (E.D. VA., June 21, 2011). In the neighboring Fourth Circuit, Judge James Beaty held in 2013 that $250 per hour was a reasonable attorney's fee for work performed in a similar case as the instant one. See DIRECTV, LLC v. Regina Ann Leonard, et al., case no. 1:12-cv-1178, document 15, (M.D. N.C., April 9, 2013).

In the Sixth Circuit, Magistrate Judge James R. Knepp, II, has held that $250 per hour was an appropriate rate for counsel in connection with work performed in a case of this nature and was

within the customary prevailing rates for this type of services within the Sixth Circuit.  See J&J Sports Productions, Inc. v. Ortiz et al., 2011 U.S. Dist. LEXIS 81162 (NDOH, July 26, 2011).

23.  Based upon the experience of Plaintiff's Counsel, it is respectfully submitted that the rates requested are appropriate.

24.  There is no just reason for delay in this Default Judgment as the interest of justice requires the issuance of judgment as requested without further delay, as the defaulting Defendants are the only remaining Defendants in this case.

25. We respectfully request that judgment be entered in favor of Plaintiff and against the Defendants in the manner stated herein.

**WHEREFORE,** your deponent respectfully requests that this Court in its discretion grant judgment by default under §605 (a) on COUNT I of the Plaintiff's complaint against the Defendants, *jointly and severally*, as follows:

1) TEN THOUSAND DOLLARS ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and

2) TWENTY THOUSAND DOLLARS ($20,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), for Defendant's willful violation of 47 U.S.C. § 605(a);

3) FOUR THOUSAND TWO HUNDRED TWENTY THREE DOLLARS and FIFTY CENTS ($4,223.50) pursuant to 47 U.S.C. §605(e)(3)(B)(iii) and pursuant to 17 U.S.C. §505, in the discretion of the Court, for total costs and attorney's fees.

By: /s/Alexander Lonstein
Sworn to before me this ___ day                 ALEXANDER LONSTEIN, ESQ.
of June, 2023.

<u>/s/April Draganchuk</u>
*April Draganchuk*
*Notary Public State of New York*
*Registration No. 4945872*
*Residing in Ulster County*
*My Commission Expires Jan. 27, 2027*